## GIDEON AMES *versus* SAMUEL PHELPS.

In an action of trespass by a mortgagee of personal property against an officer who attached the property at the suit of a creditor of the mortgager, it was *held*, that the certificate of the town clerk on the mortgage that it had been duly recorded in his office, could not be disproved, as against the mortgagee, by the production of a copy of the supposed record differing materially from the mortgage itself.

TRESPASS against the defendant, who was a deputy sheriff, for taking two horses. The defendant justified the taking, on the ground that they were attached by him as the property of Roderick Shewbrooks, by virtue of several writs.

At the trial, before *Wilde* J., the plaintiff claimed title under a mortgage made to him by Shewbrooks previously to such attachment, in which the property was described, as " one span of large bay horses I bought of Chamberlain." Possession was not taken and kept by the plaintiff under the mortgage ; but the original mortgage was certified to have been recorded by the town clerk of Belchertown, where Shewbrooks lived at the time when the mortgage was made. On the production of the record, it appeared that it contained, instead of the words above quoted, the following, to wit, " one share of a large bay horse I bought of Chamberlain." There was evidence tending to prove, that previous to the attachment, the defendant was informed that the horses were included in the mortgage, and that he examined the record for the purpose of satisfying himself on the subject ; that he was informed there must be some mistake, but designedly neglected to go to the plaintiff to ascertain the fact.

The jury were instructed, that if the defendant had reasonable ground to believe, that there was a mistake in the record and designedly neglected to make further inquiry, he made the

attachment at his peril, although he did not know with certain- ty and of his own knowledge, that the horses were included in the mortgage.

The jury returned a verdict for the plaintiff; and the de- fendant excepted to the ruling of the court.

*R. A. Chapman*, for the defendant.

*Wells* and *Lawrence*, for the plaintiff.

SHAW C. J. delivered the opinion of the Court. On pro- ducing a copy of the record from the town clerk's office, by the defendant, a considerable discrepancy is obvious, between the original mortgage, and the registration of it, and the ques- tion which has been mainly argued is, whether the difference in the two, is so great as to take away the proof of identity, and enable the defendant successfully to hold, that the mortgage ac- tually relied on by the plaintiff, is not proved to have been re- corded. But the Court are of opinion, that there is a question behind this, which must supersede it, and that is, whether it is competent for the defendant to disprove the truth of the regis- ter's certificate, by a production of the copy of the record. The original mortgage is certified to have been recorded by the town clerk, who, for this purpose, is the regular certifying officer; the mortgagee relies upon it and has good reason to rely upon it, as a valid security. It is like the return of an offi- cer, and cannot be impeached or controlled, by producing the supposed record and showing a variance. The plaintiff is en- titled to recover.